**James C. JOHNSON, Appellant,**

**v.**

**CITY OF PADUCAH, Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 28, 1974.

Rehearing Denied Sept. 13, 1974.

Albert M. Karnes, Paducah, for appellant.

W. David Denton, Corp. Counsel, Paducah, for appellee.

REED, Justice.

The McCracken Circuit Court upheld the action of the public authorities of the City of Paducah in ordering the destruction of nine structures owned by appellant Johnson and located in the city.

The actions of the public authorities were taken under authority vested by the Paducah, Kentucky, Standard Housing Code, which regulates the repair, closing or removal of dangerous or unfit dwellings in the city. The City Housing Code was adopted under authority of and is consistent with the provisions of KRS 80.620 to 80.720. These statutes also provide for judicial review of orders issued by the administrative authorities in enforcing the

provisions of the code.[1] The city successfully effected the destruction of a house owned by appellant who did not seek judicial reveiw; but when the public authorities ordered the destruction of nine additional houses owned by appellant, he instituted a timely action for judicial review.

The circuit court, after hearing evidence, found that the nine houses in issue were slum dwellings unfit for human habitation. Only one of these dwellings was inhabited at the time of the hearing; the others had not been rented for varying periods of months prior to the hearing. The circuit court found that the evidence established that the defects in the dwellings included lack of adequate ventilation, light, or sanitary facilities, delapidation, disrepair, or structural defects and uncleanliness. The circuit court thereupon upheld, as supported by by substantial evidence, the findings previously made by the public officer. His order directing appellant to destroy the buildings, with the recited proviso that if the appellant failed to effect destruction of the buildings within the time specified in the order the city would effect destruction of the buildings and place a lien upon the real property involved for the cost of destruction, was adjudged valid and enforceable.

The appellant questions the constitutionality of the provisions of the Paducah Housing Code and the statutes on which it is based whereby they permit the public authorities to extend an option to an affected property owner to either repair or demolish dilapidated property where the repair cost is 50 percent or less of the property's present value, but compel the public authorities to order destruction of such property at the owner's ultimate expense if the repair cost exceeds 50 percent of the property's present value.[2]

From our consideration of the record, it is apparent that the findings of the building inspector were adequately supported by substantial evidence. We accept as correct the determination of the circuit court that

1. KRS 80.700 authorizes an affected property owner to pursue injunctive proceedings within 30 days after the posting and service of an order of the public officers.

2. 80.660. Issuance of order to repair, alter, remove or demolish.—If, after the notice and hearing, the public officer determines that the structure under consideration is unfit for human habitation, occupancy or use, he shall state in writing his findings of fact in support of such determination and shall issue and cause to be served upon the owner thereof an order requiring the owner:

(1) To the intent and within the time specified in the order, to repair, alter or improve the said structure to render it fit for human habitation, occupancy or use, or, at the option of the owner, to vacate and close the structure if the repair, alteration, or improvement of the structure can be made at a cost that is not more than 50 percent of the value of the structure; or

(2) Within the time specified in the order, to remove or demolish the said structure if the repair, alteration, or improvement of the structure cannot be made at a cost that is not more than 50 percent of the value of the structure.

80.670. Repair, closing or demolition by city when order not complied with—Lien for expense.—(1) If the owner fails to comply with an order to repair, alter or improve or, at the option of the owner, to vacate and close the structure, the public officer may cause the structure to be repaired, altered or improved, or to be vacated and closed. The public officer may cause to be posted on the main entrance of any structure so closed, a placard with the following words: "This building is unfit for human habitation, occupancy or use; the use or occupation of this building for human habitation, occupancy or use, is prohibited and unlawful."

(2) If the owner fails to comply with an order to remove or demolish the structure, the public officer may cause such structure to be removed or demolished.

(3) The amount of the cost of repairs, alterations or improvements, or vacating and closing, or removal or demolition shall be a lien upon the real property upon which cost was incurred. If the structure is removed or demolished by the public officer, he shall sell the materials of the structure and shall credit the proceeds of such sale against the cost of the removal or demolition and any balance remaining shall be deposited in the circuit court by the public officer, shall be secured in such manner as may be directed by such court, and shall be disbursed by such court to the persons found to be entitled thereto by final order or decree of such court.

the houses are presently unfit for human habitation and that repairs necessary to bring the dwellings into conformity with the Housing Code will cost more than 50 percent of the value of each structure.

In City of Jenkins v. Cury, Ky., 347 S.W.2d 85 (1961), we recognized the validity and applicability of KRS 80.620 and 80.720 insofar as they permitted the city to demolish a structure and subject the real estate to a lien for the cost of demolition. We did not, however, consider the constitutionality of the provisions delineating when an owner of a structure unfit for human habitation was deprived of the right to repair it and bring it into compliance rather than to demolish it.

■ "In the exercise of the police power by the city, property which is a menace to public safety or health may be destroyed without compensation when this is necessary to protect the public, but the public necessity is the limit of the right." Polsgrove v. Moss, 154 Ky. 408, 157 S.W. 1133, 1136 (1913). The limit of the police power is the reasonable necessity for the action in order to protect the public. See Bruner v. City of Danville, Ky., 394 S.W.2d 939 (1965).

In Horton v. Gulledge, 277 N.C. 353, 177 S.E.2d 885, 43 A.L.R.3d 905 (1970), the North Carolina Supreme Court held that where there was no demonstrable emergency an owner of real property and improvements located on it was deprived of due process of law when he was mandatorily ordered to destroy the property or suffer destruction by the public authority at his expense where the cost of repairs exceeded 60 percent of the value of the unrepaired building. The court noted that the city had neither relied upon nor found any threat to the safety of persons or property so imminent that immediate destruction of the building was necessary. The court concluded: "To require its destruction, without giving the owner a reasonable opportunity thus [by repair] to remove the existing threat to the public health, safety and welfare, is arbitrary . . . . " Id. at 177 S.E.2d 892, at 43 A.L.R.3d 914.

■ Section 2 of the Constitution of Kentucky provides that absolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic not even in the largest majority. Although the legislative purpose here is a laudable one and is surely in the public interest, the means of its implementation may extend no further than public necessity requires, particularly where there is the taking of property rights without compensation.

In the circumstances presented, the owner should be afforded a reasonable time to repair his property so as to comply with the building code requirements if he so desires, unless there is present an imminent and immediate threat to the safety of persons or other property. The provisions of the Paducah Housing Code and the statutes (KRS 80.660 and 80.670) requiring compelled destruction, vel non, when the cost of repair exceeds 50 percent of value are unconstitutional as contravening Section 2 of the Constitution of Kentucky.

■ Appellant made an additional claim for damages for destruction by the city of a tenth house owned by him as a result of proceedings conducted before the one concerned. Appellant did not seek judicial review within the time provided by statute. The public authorities acted in good faith and under statutory provisions that specifically exonerated them from claims for damages. KRS 80.700. There is not even a suggestion that he offered to repair the destroyed house. He was afforded adequate opportunity to secure review prior to the destruction but failed to avail himself of the opportunity. In this context even constitutional rights must be timely presented. The circuit court properly dismissed so much of his claim as related to the house destroyed.

The judgment is affirmed to the extent that it dismisses so much of appellant's ac-

tion as relates to the claim for money damages for destruction of the house demolished, but is reversed in all other particulars for further proceedings consistent with this opinion.

All concur, except STEINFELD, J., who did not sit.