**Ann WASHINGTON, Appellant,**

v.

**CITY OF WINCHESTER, Appellee.**

**No. 92–CA–001972–S.**

Court of Appeals of Kentucky.

Sept. 17, 1993.

Benjamin J. Hays, Winchester, for appellant.

James W. Clay, Winchester, for appellee.

Before LESTER, C.J., and JOHNSTONE and SCHRODER, JJ.

SCHRODER, Judge:

This is a special appeal from a judgment of the Clark Circuit Court upholding an order of the City of Winchester's Building Inspector and the Code Appeals Board of Winchester requiring appellant to demolish a building. After reviewing the record and applicable authorities, we reverse.

Appellant, Ann Washington, owns a lot and building at 115–117 West Washington Street in Winchester, Kentucky, which housed a poolroom and bar. On December 17, 1990, appellant was advised by the City's Building Inspector ("Inspector"), that pursuant to an inspection by him on December 14 and 17, 1990, her building contained numerous violations of the 1990 BOCA Property Maintenance Code ("Code"). The Inspector ordered appellant to demolish the building by January 31, 1991. Appellant appealed the demolition order to the Winchester Codes Appeals Board ("Board"). After a hearing on January 10, 1991, the Board extended the impending demolition date for sixty days in order to determine the value of the structure and the actual cost of repairs necessary to bring the building into compliance with the 1991 building code. During this period, the Inspector obtained several appraisals and repair estimates. The estimated cost to repair appellant's building was determined to be more than 100% of the structure's appraised value. Based upon this information and the provisions of the Code, the Board upheld the Inspector's decision on March 28, 1991. Appellant appealed to the circuit court which upheld the Board's decision. This appeal ensued.

Appellant argues that she should have been given the option of repairing the buildings, bringing them into compliance with the Code, before demolition was ordered. The applicable Code provisions state:

PM–111.1: The code official shall order the owner of any premises upon which is located any structure or part thereof, which in the code official's judgment is so old, dilapidated or has become so out of repair as to be dangerous, unsafe, unsanitary or otherwise unfit for human habitation, occupancy or use, and so that such structure would be unreasonable to repair the same, to raze and remove such structure or part thereof; or if such structure can be made safe by repairs, to repair and make safe and sanitary or to raze and remove at the owner's option. . . .

PM–111.2: Whenever the code official determines that the cost of such repairs would exceed 100% of the current value of such structure, such repairs shall be presumed unreasonable and it shall be presumed for the purpose of this section that such structure is a public nuisance which shall be ordered razed without option on the part of the owner to repair.

The above Code sections state that if the cost of the necessary repairs would exceed 100% of the structure's current value, the owner does not have the option to repair. Nevertheless, we agree with appellant that she should have been given the option to repair within a reasonable time, *or* demolish the structure. This issue has already been decided by our High Court in the case of *Johnson v. City of Paducah*, Ky., 512 S.W.2d 514, 516 (1974), wherein the Court found "[t]he provisions of the Paducah Housing Code . . . requiring compelled destruction, vel non, when the cost of repair exceeds 50 percent of value are unconstitutional as contravening Section 2 of the Constitution of Kentucky." Nor does it matter to this Court that the appellee raised the cost of repairs to 100% instead of 50% value in the Paducah case. The principle is the same, the exercise of the city's police power is for the protection of the public, but the means of its implementation may extend no further than public necessity requires. *Johnson v. City of Paducah, supra.* The Court went on to say the property owner should have been afforded the opportunity to repair or demolish, that the failure to give the owner the choice was arbitrary; that absolute power over a person's property exists nowhere in a republic;

and that requiring demolition without compensation amounts to a taking of property rights.

No Court can say the City cannot enforce reasonable housing codes such as the BOCA Basic Property Maintenance Code of a certain year, for the protection of the public health and welfare. However, just as the cost of such compliance is a property owner's problem, the method of compliance is also the property owner's decision. It's his/her money and far be it from the City to say how a reasonable person should spend his/her money. Section 1 of our Kentucky Constitution recognizes that as free men and women, we can spend our own money as we see fit, that if we want to pour endless dollars, sweat, etc., into some historic building, or personally appealing project, we may—even if the ultimate cost would be ten fold over the cost of demolition and rebuilding. So, too, with the City of Winchester and the appellant herein, if she wants to pour huge sums of money into her unfit buildings, she has that option. A reasonable person may very well choose demolition, but it's her money and her choice.

For the foregoing reasons, the judgment is reversed and remanded with instructions in further proceedings to allow the appellant a reasonable time in which to make repairs before ordering demolition.

All concur.